UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NATIONAL ADMINISTRATIVE
SERVICE COMPANY, LLC,

      Plaintiff,

    v.

JAMES GUTIERREZ, et. al,

      Defendant.

Case No. 2:19-cv-2451
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

The matter before the Court is Plaintiff National Administrative Service Company, LLC's ("Plaintiff") Motion for Default Judgment against Defendants James Gutierrez, Rueben Gutierrez, Paul Gutierrez, and Charles Butler (collectively "Defendants") (ECF No. 19). Defendants have not opposed Plaintiff's motion. For the following reasons, Plaintiff's Motion for Default Judgment (ECF No. 19) is **GRANTED in part and DENIED without prejudice in part**.

**I.**

Plaintiff filed this case against Defendants on June 12, 2019. The Complaint asserts two counts of breach of contract, two counts of unjust enrichment, one count of promissory estoppel, one count of piercing the corporate veil, one count of fraudulent inducement to contract, one count of conspiracy, and one count of wrongful competition and unfair trade practices. (*See* Compl. ECF No. 1.) Plaintiff moved for, and obtained, an entry of default against Defendants when Defendants failed to answer or otherwise respond to Plaintiff's Complaint. (*See* Entry Default, ECF No 17.) Since the entry of default, Defendants have still not answered or otherwise responded. As such,

Plaintiff now requests that the Court grant default judgment against Defendants on all claims. (*See* Mot. Default J., ECF No. 19.)

Plaintiff seeks a total of $211,261.15 to which all Defendants are to be jointly and severally liable. (*Id.* at 3.) For support, Plaintiff submits the affidavit of Anthony Salyer. (*Id.* at Ex. 1.) Mr. Sayler is "a representative of Plaintiff" in this action. (Sayler Aff. ¶ 1.)

Because of the default entry, the Court takes Plaintiff's allegations regarding liability as true. *See DT Fashion LLC v. Cline*, No. 2:16-cv-1117, 2018 WL 542268, at *1 (S.D. Ohio Jan. 24, 2018). The Court relates those allegations below.

Plaintiff is an Ohio limited liability company. (Compl. ¶ 1, ECF No. 1.) All four Defendants are owners and principals of Empire Auto Solutions, LLC ("Empire"), Empire Consumer Services ("ECS"), and Origin Warranty, LLC ("Origin"). (*Id.* ¶¶ 2–5.) On May 13, 2016, Plaintiff and Empire entered into a Direct Marketer Agreement (the "Agreement"). (*Id.* ¶ 9.) Under the Agreement, Empire promised to market and sell Plaintiff's products, specifically vehicle service contracts. (*Id.*) To induce Plaintiff to enter into the Agreement, Defendants Rueben Gutierrez and Charles Butler executed a Direct Marketer Application Form (the "Application"). (*Id.* ¶ 10.) The Application contained false information. (*Id.* ¶ 11.)

Empire breached the Agreement by failing to pay refunds to consumers and to exclusively market and sell Plaintiff's contracts. (*Id.* ¶ 13.) Defendants caused this breach. (*Id.* ¶ 12.) Additionally, during the parties' relationship, Plaintiff advanced Defendants $468,800. (*Id.* ¶ 14.) Defendants were to repay the sum with portions of the profits from the sales of Plaintiff's contracts. (*Id.* ¶ 16.) Defendants agreed to be personally responsible for the repayment of these advanced funds. (*Id.* ¶ 15.) Only $311,177.25 of this advancement has been repaid. (*Id.* ¶ 14.) Defendants

have ceased selling Plaintiff's contracts. (*Id.* ¶ 17.) Defendants also failed to pay $53,638.40 due for contract cancellation refunds per the Agreement. (*Id.* ¶ 19.)

During the course of events, each Defendant personally represented to Plaintiff that he agreed to be personally responsible for the repayment of any money Plaintiff advanced. (*Id.* ¶ 20.) As it turns out, when this money was advanced, Empire was insolvent. (*Id.* ¶ 21, 24.) Defendants used the advanced funds as payroll for Empire, to enrich themselves, and generally to keep their business. (*Id.* ¶¶ 22–24.) Additionally, Empire failed to observe corporate formalities and maintain accurate corporate records. *Id.* ¶ 25.) Defendants diverted Empire's funds for property for their individual use. (*Id.*) Defendants also created other alter egos of Empire with the same location, employees, business equipment, computer software, assets, and capital. (*Id.* ¶ 26.)

In sum, Defendants fraudulently induced Plaintiff to enter into a business relationship through various false oral representations, executing the Agreement and Application, and accepting advanced funds, all while stating they would exclusively market and sell Plaintiff's contracts. (*Id.* ¶ 27.) Defendants had no intention of repaying Plaintiff or exclusively marketing and selling Plaintiff's contracts. (*Id.* ¶ 29.) Instead Defendants diverted the payments to themselves. (*Id.* ¶ 30.)

## II.

Federal Rule of Civil Procedure 55 "contemplates a two-step process in obtaining a default judgment against a defendant who has failed to plead or otherwise defend." *Columbus Life Ins. Co. v. Walker-Macklin*, No. 1:15-cv-535, 2016 WL 4007092, at *2 (S.D. Ohio July 26, 2016). First, a plaintiff must request an entry of default from the Clerk of Courts. Fed. R. Civ. P. 55(a). Upon the Clerk's entry of default, "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven.'" *United States v.*

*Parker-Billingsley*, No. 3:14-cv-307, 2015 WL 4539843, at *1 (S.D. Ohio Feb. 10, 2015) (quoting *Broad, Music, Inc. v. Pub Dayton, LLC*, No. 3:11-cv-58, 2011 WL 2118228, at *2 (S.D. Ohio May 27, 2011)).

If the plaintiff's claims are not for "a sum certain or a sum that can be made certain by computation," the plaintiff must then apply to the Court for a default judgment. Fed. R. Civ. P. 55(b). "Thus, while liability may be shown by well-pleaded allegations, the district court must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *DT Fashion LLC v. Cline*, 2:16-cv-117, 2018 WL 542268, at *2 (quoting *Parker-Billingsley*, 2015 WL 4539843, at *1). A court may determine damages without holding an evidentiary hearing if the damages are "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Parker-Billingsley*, 2015 WL 4539843, at *1.

Even when a Plaintiff's well-plead allegations have established liability, the company "must still establish the extent of damages." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (internal citations omitted). Rule 55(b)(2) provides that a district court "may" hold a hearing on a motion for default judgment when necessary to "conduct an accounting," or "determine the amount of damages." In other words, the Rule, "by its terms, allows but does not require the district court to conduct an evidentiary hearing." *Vesligaj v. Peterson*, 331 F. App'x 351, 354 (6th Cir. 2009) (citing *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) ("[I]t was not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.")).

### III.

A party that is in default for failure to file an answer is deemed to have admitted all the material allegations in the complaint. *See* Fed. R. Civ. P. 8(D). Here, default has properly been

4

entered against Defendants and thus, they are deemed to have admitted that they: breached the contract, were unjustly enriched, are liable for promissory estoppel, pierced the corporate veil, fraudulently induced Plaintiff to contract, conspired to injure Plaintiff, and participated in wrongful competition and unfair trade practices.  The Court finds the Complaint sufficiently establishes liability for each of these claims.  Thus, Plaintiff's motion with regard to liability is **GRANTED**.

Plaintiff asks the Court to award the following damages: (1) $157,622.75 in remaining due from the funds Plaintiff advanced Defendants; and (2) $53,638.40 in cancelled contract refunds.

Plaintiff submitted an affidavit from Mr. Salyer, its "representative."  (Sayler Aff. ¶ 1.)  Mr. Sayler asserts he is "familiar with the facts relating to this matter."  (*Id.*)  Mr. Sayler contends each Defendant was served and failed to appear and therefore is now in default.  (*Id.* ¶ 4.)  Mr. Sayler also states the Clerk entered default against Defendants, none of the Defendants are in military service, an infant, or incompetent, and Defendants owe the requested amount jointly and severally.  (*Id.* ¶¶ 5–7.)

The Court concludes that Mr. Sayler's contentions as to the amounts owed are not sufficient.  Although Mr. Sayler states he is "familiar" with the facts of this matter, there is no indication he has personal knowledge about the amounts owed.  This affidavit is not sufficient to support an award of damages. *See Ohio Valley Plumbers & Pipefitters Sec. Fund v. Branthoover & Johnston Co.*, No. 2:05-cv-155, 2005 U.S. Dist. LEXIS 12574, at *4 (S.D. Ohio June 24, 2005) (denying a motion for default judgment without prejudice, finding the plaintiff's attorney's affidavit attesting to the amount owed by the defendant was insufficient because the attorney did not have personal knowledge of the amount owed and was not responsible for auditing the plaintiff's finances); *Am. Servs. & Prot. v. Speed Commerce Corp.*, No. 2:17-cv-122, 2017 U.S. Dist. LEXIS 228935, at *2 (S.D. Ohio June 29, 2017) (finding the plaintiff failed to provide

sufficient evidence of the amount owed because it only submitted an affidavit from its attorney whom did not have personal knowledge); *GAG Enterprises, Inc. v. Rayford*, 312 F.R.D. 230, 234 (D.D.C. 2015) (finding an attorney's affidavit attesting to the total amount due under a contract insufficient because the attorney lacked personal knowledge of the damages the plaintiff incurred).

Plaintiff has not submitted evidence which can support an award of damages at this time. Should Plaintiff file an additional motion, Plaintiff shall provide evidence of the amount owed by an affidavit based on personal knowledge or other relevant evidence.

**IV.**

For the reasons stated, Plaintiff's motion for default judgment against Defendants (ECF No. 19) is **GRANTED in part and DENIED without prejudice in part.** Plaintiff is **ORDERED** to notify the Court within fourteen (14) days of this Order if it intends to further pursue damages.

**IT IS SO ORDERED**.

5/14/2020                                         s/Edmund A. Sargus, Jr.
**DATED**                                         **EDMUND A. SARGUS, JR.**
                                                  **UNITED STATES DISTRICT JUDGE**