UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NATIONAL ADMINISTRATIVE
SERVICE COMPANY, LLC,

     **Plaintiff,**

     v.

JAMES GUTIERREZ, et. al,

     **Defendant.**

Case No. 2:19-cv-2451
**JUDGE EDMUND A. SARGUS, JR.**
Magistrate Judge Kimberly A. Jolson

## OPINION & ORDER

The matter before the Court is Plaintiff National Administrative Service Company, LLC's ("Plaintiff") Amended Motion for Default Judgment against Defendants James Gutierrez, Rueben Gutierrez, Paul Gutierrez, and Charles Butler (collectively "Defendants") (ECF No. 21). Defendants have not opposed Plaintiff's motion. For the following reasons, Plaintiff's Amended Motion for Default Judgment (ECF No. 21) is **GRANTED.**

**I.**

Plaintiff filed this case against Defendants on June 12, 2019. The facts are fully set out in the Court's recently issued Opinion and Order which granted Plaintiff default judgment as to liability. (*See* Op. and Order, ECF No. 21.) The Opinion and Order denied Plaintiff default judgment as to damages because the Plaintiff failed to submit an affidavit sufficient to support an award of damages. (*Id.* at 5.) Plaintiff has now filed an amended motion for default judgment asking the Court to award the following damages: (1) $157,622.75 in remaining due from the funds Plaintiff advanced Defendants; and (2) $53,638.40 in cancelled contract refunds. (Am. Mot. Default J. at 3–4, ECF No. 21.)

## II.

Plaintiff's well-plead allegations have established liability, but the company "must still establish the extent of damages." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (internal citations omitted). Federal Rule of Civil Procedure 55(b)(2) provides that a district court "may" hold a hearing on a motion for default judgment when necessary to "conduct an accounting," or "determine the amount of damages." In other words, the Rule, "by its terms, allows but does not require the district court to conduct an evidentiary hearing." *Vesligaj v. Peterson*, 331 F. App'x 351, 354 (6th Cir. 2009) (citing *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) ("[I]t was not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.")).

Plaintiff asks this Court to award a total of $211,261.15. (Am. Mot. Default J. at 4.) In support of its amended motion, Plaintiff submitted an affidavit from Anthony Salyer, its "representative." (Sayler Aff. ¶ 1.) Mr. Sayler asserts that he has personal knowledge of the amount Defendants owe Plaintiff because he "has been involved with the accounting of the amounts advanced to and due from Defendants from the commencement of the relationship between the parties to-date." (*Id.*) Mr. Sayley asserts Plaintiff is owed:

> $157,622.75 remaining due of the funds advanced by Plaintiff to Defendants on the commissions from the sale of Contracts under the Agreement ($468,800.00 was advanced and only $311,177.25 has been repaid); plus
>
> $53,638.40, which is the amount of Defendants' portion of cancelled Contract refunds advanced by Plaintiff to consumers but unpaid by Defendants.

(*Id.* ¶ 7.) Mr. Sayler concludes the total amount owed is $211,261.15 which is owed jointly and severally to Plaintiffs. (*Id.* ¶ 8.)

3

The Court finds that a hearing is not necessary in this case to determine damages. Mr. Salyer's affidavit sufficiently establishes damages and thus, does away with the need for a hearing. Accordingly, default judgment as to damages is GRANTED in the amount of $211,261.15.

**IV.**

For the reasons stated, Plaintiff's Amended Motion for Default Judgment against Defendants (ECF No. 21) is **GRANTED.** The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED**.

**5/27/2020**                                                                    **s/Edmund A. Sargus, Jr.**
**DATED**                                                                        **EDMUND A. SARGUS, JR.**
                                                                                 **UNITED STATES DISTRICT JUDGE**